MOSES MAAS, Plaintiff, v. HARRIS GOLDMAN and FANNIE MALZMAN, Administratrix of the Goods, Chattels and Credits of PINCUS MALZMAN, Deceased, Defendants.

Supreme Court, Bronx Special Term, January, 1924.

Partnership — accounting — copartnership agreement for management of premises — plaintiff's partners, without his knowledge, secretly contracted for purchase of interest in premises and subsequently sold same at profit — mere secrecy of purchase sufficed to create cause of action — when partner will be held to be trustee for firm — motion to dismiss complaint for insufficiency denied.

A partner who in his own name or interest secretly obtains a renewal or extension of a lease to the partnership will be held to be a trustee for the firm in respect to such renewal or extension. *Mitchell* v. *Reed*, 61 N. Y. 123, followed.

A complaint alleged that plaintiff and one of the defendants and the intestate of the other defendant entered into a copartnership agreement for the management and subletting of certain premises held by the firm under a long lease; that during the continuance of the partnership and the lease, the plaintiff's partners, with intent to defraud him and to secure and defeat the right of the partnership in the continued occupancy of said premises upon the termination of its lease therein, secretly and without the knowledge of plaintiff obtained a contract for the purchase of an undivided one-half interest in the premises and subsequently sold and assigned said contract at a profit, for which an accounting was asked. *Held*, that the mere secrecy of such purchase sufficed to create the cause of action declared upon, and a motion to dismiss the complaint for insufficiency will be denied.

MOTION for dismissal of complaint.

*Spiro & Abrams*, for plaintiff.

*Oscar Englander*, for defendants.

MULLAN, J. In his complaint, assailed for insufficiency, the plaintiff alleges that he and one of the defendants and the intestate of the other defendant, entered into a copartnership agreement for the management and subletting of certain premises held by the firm under a long lease; that during the continuance of the partnership, and of the lease so held by it, the plaintiff's partners, " with intent to defraud the plaintiff herein, and with intent to secure and defeat the right of the partnership   *   *   *   in the continued occupation of the premises covered by said agreement of partnership upon the termination of its lease therein,   *   *   *   secretly, and without the knowledge of the plaintiff," entered into an agreement with the owners of an undivided one-half interest in the premises for the purchase of that interest and subsequently sold and assigned their contract for such purchase at a profit, and he asks for an accounting of the profit that came to his partners out of that

transaction. It is one of the most firmly settled rules of the law of partnership that if one partner obtains a renewal or extension of a partnership lease, secretly and in his own name or interest, he will be held a trustee for the firm in respect of the renewal or extension. *Mitchell* v. *Reed*, 61 N. Y. 123. Mr. Pomeroy (Eq. Juris. [4th ed.] § 1050) says of this rule that it " applies under every variety of circumstances, provided the rights of the other partners are still subsisting at the time when the renewal lease is obtained. It operates with equal force whether the renewal lease was to begin during the continuance of the firm or after its termination; whether the partnership was for an undetermined period, or was to end at a specified time, and the renewal lease was not to take effect until the expiration of that prescribed time; whether there was or was not a right in the firm, by contract, custom or courtesy, to a renewal of the original lease from the lessor; and even whether the landlord would or would not have granted a new lease to the other partners or to the firm. All these facts are wholly immaterial to the application of the doctrine, for its operation does not in the slightest degree depend upon the terms and provisions of the original lease, nor upon the attitude of the landlord." The defendants rely upon a statement in *Anderson* v. *Lemon*, 8 N. Y. 236, the only case cited to me, or that I have been able to find, in which a partner purchased an interest in the fee in his own name or interest. It was there said (p. 237) that a partner may make such a purchase " under circumstances free from deception and fraud." That language, when read in the light of the context and of the cases referred to by Gardiner, J., who wrote for the court, is seen to have referred to active or affirmative fraud, and was intended to declare the proposition that mere secrecy of purchase is not enough to make the purchasing partner a trustee for the firm. The statement was, however, merely a dictum, as the purchasing partner in that case was guilty of the grossest affirmative fraud upon his complaining partner. In his opinion in the *Mitchell* case Dwight, C., in commenting upon that dictum said (at p. 142): " This decision * * * can scarcely be considered, as a decision in favor of a partner's right to purchase since he was under the circumstances a trustee. Should the question be distinctly presented, it will deserve consideration whether the view in *Anderson* v. *Lemon*, that one partner may even in good faith buy the reversion for himself, is correct. There is great cogency in the remarks of Sir William Grant, that the partner may in this way intercept and cut off the chance of future renewals and consequently make use of his situation to prejudice the interests of his associates (*Randall* v. *Russell*, 3 Meriv. 190, 197). There appears to be no direct decision

allowing the partner thus to purchase, and the right to do so is treated as doubtful by approved text writers (1 Lead. Cas. Eq., 3d ed., p. 43, 44, marg. paging)." It thus appears that a later bench of the Court of Appeals was itself in grave doubt as to the soundness of the dictum in the *Anderson* case. It seems to me that the *ratio decidendi* expressed in the opinions of Earl and Dwight, CC., in the *Mitchell* case, applies with equal force to a purchase of a reversion in fee as to the purchase of a reversionary lease. The hope or the probability or the possibility of continuing the business is the same. The possibility of conflict between a partnership interest and a landlord interest is not essentially different. Every reason for requiring the utmost good faith in one case is present in the other. One is as greatly shocked by a clandestine purchase as by a clandestine renewal. Unless, therefore, equity is to concern itself with forms rather than with realities, the technical name that is to be given to the legal basis of the privilege of occupying premises is of no moment. Upon principle alone I can see no valid reason why, in the case of a secret purchase of a fee interest, the courts should insist upon a showing of active or affirmative fraud as an essential to holding the purchasing partner as a trustee for the firm. It is contended on behalf of the plaintiff that his allegations in relation to fraud are sufficient to let in proof of active deception and thus that the complaint is in any event good as a pleading. However that question may be resolved, I prefer to rest my decision upon the broader ground that the mere secrecy of purchase suffices to create the cause of action declared upon. The motion is denied. Settle order.

Ordered accordingly. _____